IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARRY A. BEGAY and SUE DOMINGO,
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

v.                                                      NO. CIV 96-0348 MV/RLP

FIRST SECURITY BANK NEW MEXICO,
FIRST SECURITY CORPORATION,
FIRST SECURITY BANK, N.A., formerly
known as FIRST SECURITY BANK UTAH,
successor by merger to FIRST SECURITY
BANK IDAHO, FIRST SECURITY SERVICE
COMPANY, FIRST SECURITY INSURANCE
COMPANY, EDWARD T. O'LEARY, MITCH
TAYLOR, CHRIS LUCERO, FRAN DEVER,
CARL HALBERT, LYNN DESMOND,
GAYLES NYE and JOHN DOES 1-10,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Objection to Magistrate's Order and Opinion Denying Motion to Compel filed February 11, 1997 **[Doc. No. 42]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the objections are not well-taken and will be **DENIED**.

### PROCEDURAL BACKGROUND

Plaintiffs' Amended Class Action Complaint ("Amended Complaint") charges that a group of related corporate entities and their employees charged numerous consumers for unauthorized

force placed insurance premiums.[1]   The named defendants are First Security Corporation ("FSC") and its subsidiaries--First Security Bank New Mexico ("FSB-New Mexico"), First Security Service Company ("FSSC"), First Security Bank, N.A., formerly known as First Security Bank of Utah ("FSB-Utah"), First Security Bank of Idaho ("FSB-Idaho"), and First Security Insurance ("FSI").  Plaintiffs also name as defendants a number of individual employees and officers of the corporate defendants.

Plaintiffs' eleven-count Amended Complaint alleges that Defendants' force placed insurance practice violated federal mail fraud and RICO statutes, the Truth in Lending Act, the Idaho Consumer Protection Act, the New Mexico Unfair Practices Act and New Mexico's Motor Vehicle Sales Finance Act.  In addition, Plaintiffs claim that FSB-New Mexico breached its consumer credit contracts with members of the class and that all Defendants committed common law fraud.

FSC, FSB-Utah, and FSB-Idaho filed a Motion to Dismiss for Lack of Personal Jurisdiction on April 26, 1996.  In support of this motion, FSC, FSB-Utah, and FSB-Idaho submitted affidavits declaring that FSC, FSB-Utah, and FSB-Idaho are distinct corporate entities, separate from each other and the other named defendants, and that FSC, FSB-Utah, and FSB-Idaho have no presence in New Mexico.  Prior to responding to the motion, the parties agreed to limited discovery focusing solely on the issues relating to the Motion to Dismiss for Lack of Personal Jurisdiction.  *See* Provisional Discovery Plan [Doc. No. 13].

On May 20, 1996, Plaintiffs served their First Discovery Request on all Defendants.

---

[1] Force placed insurance is insurance provided by a creditor to protect collateral against loss or damage if a consumer fails to maintain such coverage.

Defendants objected to many of the requests as being concerned with the merits and therefore outside the current scope of discovery. Plaintiffs filed a motion to compel which was denied by Magistrate Judge Puglisi on January 27, 1997 [Doc. No. 41].[2] Plaintiffs subsequently filed this timely objection to Magistrate Judge Puglisi's Opinion and Order.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) addresses a magistrate judge's ruling on a nondispositive matter. Rule 72(a) provides, in part, that:

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed.R.Civ.P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

---

[2] The Court notes that it is unclear whether Magistrate Judge Puglisi considered the allegations of the Amended Complaint. His Opinion stated:
> The Court has read the complaint and the amended complaint and there are no allegations of conspiracy in either of these complaints. However, the plaintiffs have the intention of submitting a motion to the Court for leave to file an amended complaint that would allege a conspiracy among the various defendants. This motion has not been submitted to the Court. Hence the basis upon which the plaintiff asserts jurisdiction against the non-New Mexico defendants is the theory of conspiracy that has not yet been amended into their First Amended Complaint.

January 27, 1997 Opinion at 3-4.

Plaintiffs, however, assert that they intended to file, and in fact did file, only one amended complaint--the October 21, 1996 Amended Complaint. As only one amended complaint was filed, a reading of Judge Puglisi's Opinion would indicate that this is the amended complaint he reviewed.

**ANALYSIS**

Plaintiffs allege that because all Defendants were engaged in a conspiracy, personal jurisdiction over at least one Defendant establishes personal jurisdiction over the remaining Defendants. The Tenth Circuit has recognized that the acts of a co-conspirator, performed in the forum state in furtherance of the conspiracy, constitute sufficient minimum contacts to establish personal jurisdiction over co-conspirators who have no other contact with the forum. *See Baldridge v. McPike*, 466 F.2d 65 (10th Cir. 1972); *American Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V.*, 710 F.2d 1449 (10th Cir. 1983). However, bare allegations of a conspiracy between the defendant and a person within the personal jurisdiction of the court is not enough to establish personal jurisdiction. "Mere allegation of conspiracy, without some sort of *prima facie* factual showing of a conspiracy, cannot be the basis of personal jurisdiction of co-conspirators outside the territorial limits of the court. The requirement of a *prima facie* factual showing is necessitated by the minimum contacts requirement of *International Shoe Co. v. Washington* and its progeny." *Baldridge*, 466 F.2d at 68.

Due process requires that defendants have such minimum contacts with the forum state that maintenance of an action would not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The fundamental purpose behind the due process requirement of minimum contacts with a forum is that it is not fair to subject a party to the binding judgments and coercive powers of a court if that party does not have sufficient minimum contacts with the jurisdiction to give fair warning that the party is subject to its power. *Id.*; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). To make a *prima facie* showing of conspiracy, a plaintiff must allege specific facts warranting the inference

that the defendants were members of the conspiracy and come forward with definite evidentiary facts connecting a defendant with acts occurring in the district.

A conspiracy can rarely be proved by direct evidence; rather, it is "usually established by circumstantial evidence based upon independent proof of each alleged co-conspirator's acts, conduct and statement and the totality of conduct of all the participants and the reasonable inference to be drawn therefrom." *United States v. Kahaner*, 203 F.Supp. 78 (S.D.N.Y. 1962). Since defendants are likely in control of such relevant evidence it will often be necessary for the plaintiff to take discovery before being able to make any showing of personal jurisdiction on the basis of an alleged conspiracy.

It is well established that a federal district court has the power to require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of personal jurisdiction. *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (D.C. Cir. 1983). A plaintiff, however, is not always entitled to discovery to respond to a motion to dismiss for lack of personal jurisdiction. In many cases courts have limited or denied discovery on jurisdictional issues where the plaintiff failed to make some threshold showing of a plausible basis for exercising jurisdiction over the defendant. *See Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 787 (D.C. Cir. 1983) (upholding denial of discovery on personal jurisdiction issues where the pleadings contained no specific facts that could establish the requisite contacts with the jurisdiction); *Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 93-94 (2d Cir. 1975) ("bland assertion" of conspiracy involving distant defendant was insufficient to justify discovery on jurisdictional issues).

While it would be manifestly unfair to force a plaintiff to plead specific facts proving

particular conspiratorial acts prior to giving plaintiff the opportunity to conduct discovery, a plaintiff should not be permitted to hale a defendant into court based only on bald-faced conclusory assertions of conspiracy with no supporting factual allegations. "To compel a defendant to remain in an action during discovery...is an assertion of jurisdiction to some extent-- and no trivial burden in a substantial case. Surely a plaintiff must make some specific factual showing in order to assert such jurisdiction. A plaintiff cannot be permitted to effect service of process on an out-of-state defendant on the mere basis that such plaintiff hopes somehow and somewhere to find enough facts to create grounds for jurisdiction." *Socialist Workers Party v. Attorney General*, 375 F.Supp. 318, 325 (S.D.N.Y. 1974).

To resolve this tension between a defendant's right not to be subjected to discovery without some basis for personal jurisdiction and the plaintiff's right to conduct some discovery on the issue of personal jurisdiction, courts generally require that plaintiff make some threshold showing of an alleged conspiracy before being permitted to conduct discovery on the issue of conspiracy-based personal jurisdiction. Requiring a threshold showing of a colorable basis for exercising jurisdiction is consistent with both the purpose of the due process requirement of minimum contacts and the district court's obligation to control discovery under Rule 26(b)(2). Where a plaintiff seeks to subject a distant defendant to discovery in order to determine whether sufficient contacts support jurisdiction, it is reasonable for a court to expect the plaintiff to show a colorable basis for jurisdiction before subjecting the defendant to intrusive and burdensome discovery in that distant forum.

In this case, the Court need not determine whether Plaintiffs made a sufficient threshold showing sufficient to warrant discovery under a conspiracy based theory of personal jurisdiction

6

because Plaintiffs have failed to make any colorable showing of conspiracy.  Plaintiffs allege that Defendants conspired to defraud the public through a unified force placed insurance program.  In support of their conspiracy allegation, Plaintiffs' Complaint states that:

1. FSB, FSSC, FSI, FSB-Utah and FSB-Idaho are wholly owned subsidiaries of FSC. ¶19

2. FSC operates an integrated financial service business through its subsidiaries. ¶ 20

3. FSC delegates the conduct and management of various lines of business, either generally or with respect to specified geographical areas, to specific subsidiaries.  ¶20

4. FSC delegated to FSB and FSCC responsibility for servicing the motor vehicle retail installment contracts at issue in this case. ¶ 21

5. FSC delegated to FSI responsibility for procuring force placed insurance for FSB, FSB-Utah, and FSB-Idaho.  ¶ 22

6. All revenues and profits of FSB, FSB-Utah, FSB-Idaho, FSI and FSSC accrued to the benefit of FSC, and were reported on FSC's financial statements. ¶ 24

7. FSC had knowledge of its co-defendants' improper force placed insurance practices and failed to exercise its control over them in order to prevent their actions, and received the financial benefit of the practices.  ¶101

8. FSI received commissions on the sale of force placed insurance to FSB, FSB-Utah and FSB-Idaho.  ¶ 50.

Plaintiffs' allegations, even if accepted as true, do nothing more than demonstrate that Defendants are related and financially integrated corporate entities.   Plaintiffs allege no facts from which the Court can find a meeting of the minds among these Defendants.  *See Kunik v. Racine County*, 946 F.2d 1574, 1580 (7th Cir. 1991) (allegations of a conspiracy "must further be supported by some factual allegations suggesting a 'meeting of the minds'").  Plaintiffs' allege that FSC knew of the illegality of its force placed insurance practice.  Even assuming this is true,

Plaintiffs fail to allege that the other Defendants had any knowledge that the practice was illegal. This is not a case where the nonresident's participation in the conspiracy entails a significant probability that it knew about the conspiracy and assented. At best, Plaintiffs demonstrate that corporate subsidiaries were delegated to handle various aspects of an improper business practice. In the absence of specific allegations linking the Defendants in a conspiracy, the Court will not allow the broad discovery sought.

Furthermore, the normal association of related companies, without more, cannot form the basis for a conspiracy charge. Under New Mexico law, the "general rule . . . is that judicial jurisdiction over a subsidiary corporation does not of itself give a state judicial jurisdiction over the parent corporation...." *Jemez Agency, Inc. v. Cigna Corp.*, 866 F.Supp. 1340, 1343 (D.N.M. 1994); *see also Allen v. Toshiba Corp.*, 599 F.Supp. 381, 389 (D.N.M. 1984) (personal jurisdiction over a parent corporation does not exist merely because the parent owns a subsidiary in New Mexico, even if the parent had allegedly approved action of the local subsidiary). If the Court were to allow allegations that show nothing more than the customary relationship between affiliated companies to be the basis of a "conspiracy," it would effectively eliminate the separateness of these entities for jurisdictional purposes, contrary to New Mexico case law regarding jurisdiction over related entities.

## CONCLUSION

Considering the allegations of Plaintiffs' Amended Complaint in the light most favorable to Plaintiffs, the Court finds that Plaintiffs' conspiracy allegations are insufficient to warrant broad-based merits discovery in an attempt to establish personal jurisdiction in this matter. The Amended Complaint contains only conclusory allegations of conspiracy unaccompanied by any

factual allegations purporting to show anything other than that Defendants are related corporate entities who participated in an allegedly illegal business practice.  The mere corporate relationship between Defendants is insufficient to support an inference of conspiracy.  Without deciding whether the magistrate judge applied the correct standard to justify discovery on a conspiracy theory of personal jurisdiction, the Court determines that Magistrate Judge Puglisi's finding that Plaintiffs failed to make a sufficient showing of conspiracy to justify the discovery sought is not clearly erroneous or contrary to law.

**IT IS THEREFORE ORDERED** that Plaintiffs' Objection to Magistrate's Order and Opinion Denying Motion to Compel filed February 11, 1997 [Doc. No. 42]  is **DENIED**.

                                                                                    _____
                                                                                    MARTHA VÁZQUEZ
                                                                                    UNITED STATES DISTRICT JUDGE

Attorney for Plaintiffs:
        Richard N. Feferman

Attorneys for Defendants First Security Bank of
New Mexico, First Security Bank Corporation,
First Security Bank Idaho, and First Security Bank Utah:
        James S. Jardine
        Stephen C. Tingey
        John T. Porter

Attorneys for Defendant First Security Service Company:
        James S. Jardine
        Stephen C. Tingey
        John T. Porter
        Rick B. Hoggard

9